UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

IN RE:  
**Victor Gayosso**

CASE NO:   **10-39777-H4-13**

# Uniform Plan
# and
# Motion for Valuation of Collateral

*FIRST AMENDED 11/17/2010*

CHAPTER 13 PLAN

Date of Plan:   **11/17/2010**
(Date Must be Date that This Plan is Signed by Debtors)

The debtors propose the following plan pursuant to § 1321*.

In conjunction with the plan, the Debtor moves for the valuation of secured claims in the amount set forth in paragraph 8.
**The debtor(s) propose to pay the holder of the Secured Claim only the amounts set forth in the debtor(s)' Plan.  The Court will conduct a scheduling conference on this contested matter on the date set for the hearing on confirmation of the debtor(s)' plan.  You must file a response to this objection, in writing, not less than 5 days (including weekends and holidays) before the hearing on confirmation of the plan or the valuation set forth in the plan may be adopted by the Court.  If no response is filed, the Debtor's sworn declaration at the conclusion of this plan may be submitted as summary evidence at the hearing pursuant to Rule 7056 and 28 U.S.C. § 1746.  If no timely answer is filed, the Court may conduct a final hearing on the objection at the hearing on confirmation of the plan.**

**1. Payments.**  The debtors hereby submit all or such portion of their future earnings or other future income to the supervision and control of the chapter 13 Trustee ("Trustee") as is necessary for the execution of the plan.  The submission of income shall be accomplished by making monthly payments to the Trustee in amounts equal to all of the projected disposable income of the debtor, as defined in § 1325(b).  Schedules I and J of the debtor's schedules contain the debtor's good faith estimate of the current amount of available projected disposable income for purposes of this requirement.  Significant changes in the debtor's financial condition during the first three years of the plan may provide cause for the Trustee or any unsecured creditor to seek a modification of the plan pursuant to § 1329.  The amount, frequency, and duration of the payments, is as follows:

| Beginning Month** | Ending Month | Amount of Monthly Payment | Total |
|---|---|---|---|
| 1 (Dec 2010) | 60 (Nov 2015) | $920.00 | $55,200.00 |
| | | Grand Total: | $55,200.00 |

The first monthly payment is due not later than 30 days after the date this case was filed.  If the payments to be made by the chapter 13 trustee pursuant to paragraph 4 are adjusted in accordance with the Home Mortgage Payment Procedures adopted pursuant to Bankruptcy Local Rule 3015(b) (whether on account of a change in any escrow requirement, a change in the applicable interest rate under an adjustable rate mortgage, or otherwise), the debtors' payments required by this paragraph 1 will be automatically increased or decreased by the amount of the increase or decrease in the paragraph 4 payments, adjusted as set forth in the following sentence.  The increase or decrease shall be adjusted by an amount equal to the increase or decrease in the Posted Chapter 13 Trustee Fee that is caused by the change.  The Posted Chapter 13 Trustee Fee is the percentage fee posted on the Court's web site from time to time.  The chapter 13 trustee is authorized to submit an amended wage withholding order or to amend any automated bank draft procedure to satisfy the automatic increase or decrease.

A notice of any adjustment in the payment amount must be filed by the chapter 13 trustee.

Except as otherwise ordered by the Court, payments to the chapter 13 trustee will be made pursuant to a wage withholding order or an automated bank draft procedure with the chapter 13 trustee.

---

\* All § references are to the Bankruptcy Code.
\*\* When subsequent tables refer to "Month #", Month #1 is the Beginning Month referenced above.

Case No:    10-39777-H4-13
Debtor(s):  **Victor Gayosso**

**2. Priority Claims.**   From the payments made by the debtor to the Trustee, the Trustee shall pay in full, all claims entitled to priority under § 507.  Payments shall be made in the order of priority set forth in § 507(a) and § 507(b).  Payments of equal priority shall be made pro rata to holders of such claims.  Priority claims arising under § 503(b)(2) shall be paid only after entry of an order by the Bankruptcy Court approving payment of the claim.  If this case is dismissed, no priority claim arising under § 503(b)(2) shall be allowed unless an application for allowance is filed on or before 20 days after entry of the order of dismissal.

| Name of Holder of Priority Claim | Amount of Priority Claim | Interest Rate Under Plan | Amount of Estimated Periodic Payment | First Payment of this Amount in Month # | Last Payment of this Amount in Month # |
|---|---|---|---|---|---|
| **Busby & Associates P.C.** | $2,658.00 | 0.00% | Pro-Rata | 1 | 17 |
| **Busby & Associates P.C.** | $100.00 | 0.00% | Pro-Rata | 50 | 51 |

**3. Secured Claims for which Collateral is to be Surrendered.** The debtor surrenders the following collateral:

| Name of Creditor | Description of Collateral |
|---|---|
|  |  |

**4. Secured Claim For Claim Secured Only by a Security Interest in Real Property That is the Debtor(s)' Principal Residence (Property to be Retained) or Other § 1322(b)(5) Claim.  Check Either A or B, below:**

☑   **A.**   The following table sets forth the treatment of each class of secured creditors holding a claim secured only by a security interest in real property that is the debtor(s)' principal residence or other claim treated under § 1322(b)(5).  The amount listed as the "Principal Amount of Claim for Arrearage" is the amount proposed by the debtor(s) in this Plan.  If the actual allowed claim is in a different amount, the amount paid pursuant to this Plan shall be the amount due on the actual amount of the allowed claim without the need of an amended plan.  The amount listed as "Amount of Estimated Periodic Payment" will be adjusted to reflect the actual amount of the allowed claim.

| Name of Holder of Secured Claim / Security for Claim | Principal Amount of Claim for Arrearage | Interest Rate Under Plan | Amount of Estimated Periodic Payment | First Payment of this Amount in Month # | Last Payment of this Amount in Month # |
|---|---|---|---|---|---|
| **BAC Home Loans Servicing LP** Hometead | $4,000.00 | 0.00% | Pro-Rata | 17 | 50 |
| **Select Portfolio Servicing, Inc.** Hometead | $1,500.00 | 0.00% | Pro-Rata | 17 | 50 |

Payment of the arrearage amounts shall constitute a cure of all defaults (existing as of the petition date) of the debtor(s)' obligations to the holder of the secured claim.

The Secured Claims held by secured creditors holding a claim secured only by a security interest in real property that is the debtor(s)' residence (other than the arrearage claims set forth in the above table) and other claims treated under § 1322(b)(5) will be paid in accordance with the pre-petition contract held by the holder of the secured claim.  The first such payment is due on the first payment due date under the promissory note (after the date this bankruptcy case was filed).  During the term of the plan, these payments will be made through the chapter 13 trustee in accordance with the Home Mortgage Payment Procedures adopted pursuant to Bankruptcy Local Rule 3015(b).  Each holder of a claim that is paid pursuant to this paragraph must elect to either (i) apply the payments received by it to the next payment due without penalty under the terms of the holder's pre-petition note; or (ii) waive all late charges that accrue after the order for relief in this case.  Any holder that fails to file an affirmative election within 30 days of entry of the order confirming this plan has waived all late charges that accrue after the order for relief in this case.  Notwithstanding the foregoing, the holder may impose any late charge that accrues following an event of default of a payment due under paragraph 1 of this Plan.

Case No:     10-39777-H4-13
Debtor(s):   **Victor Gayosso**

_____

The automatic stay is modified to allow holders of secured claims to send only monthly statements (but not demand letters) to the Debtor(s).

The Debtor must provide the information required by the chapter 13 trustee pursuant to the Home Mortgage Payment Procedures, prior to 5 business days after the date this Plan is proposed.

☐ **B.** The holder of the claim secured only by a security interest in real property that is the debtor(s)' principal residence has agreed to refinance the security interest and claim on the terms set forth on the document attached as Exhibit "A".  The refinancing brings the loan current in all respects.  The terms of the loan that is being refinanced and the new loan are described below:

|  | **Old Loan** | **New Loan** |
|---|---|---|
| **Current amount owed on old loan and total amount borrowed on new loan** | | |
| **Interest rate is fixed or variable?** | | |
| **Interest rate (in %)** | | |
| **Monthly principal and interest payment** | | |
| **Closing costs paid by debtors** | | |
| **Monthly required escrow deposit** | | |

Payments made to the above referenced holder will be paid (check one, ONLY if debtor has checked option B, above):

☐ **Through the chapter 13 trustee.**

☐ **Directly to the holder of the claim, by the Debtor.**   If there has been a default in payments following the refinancing, future payments will be through the chapter 13 trustee.  If payments are to be made directly to the holder of the claim by the Debtor, then the holder of the claim may not impose any attorneys fees, inspection costs, appraisal costs or any other charges (other than principal, interest and escrow) if such charges arose (in whole or in part) during the period (i) when the case is open; (ii) after the closing of the refinanced loan; and (iii) prior to modification of this plan (i.e., following a default by the Debtor in payments to the holder of the claim) pursuant to which the Debtor commences payments through the chapter 13 trustee to the holder of the claim secured solely by a security interest in the debtor's principal residence.

**5. Debt Incurred within 910 Days Preceding Petition Date and Secured by a Lien on a Motor Vehicle or Debt Incurred within 1 Year Preceding Petition Date and Secured by Other Collateral for Which FULL PAYMENT, with Interest, is Provided.**
The following table sets forth each class of secured creditors holding a claim for a debt incurred within 910 days preceding the petition date and secured by a lien on a motor vehicle or for a debt incurred within 1 year preceding the petition date and secured by other collateral for which full payment is proposed.  The amount listed as "Principal Amount of Claim" is an estimate of the actual allowed claim.

If the Court allows an actual allowed claim that is a different amount than is shown below under "Principal Amount of Claim", the Plan shall be deemed amended to pay the principal amount as allowed without the requirement of the filing of an amended plan.  The amount listed as "Estimated Periodic Payment" will be adjusted to reflect the actual amount of the allowed claim.

Payment of the amounts required in this section constitutes a cure of all defaults (existing as of the date this plan is confirmed) of the debtor(s)' obligations to the holder of the secured claim.  If the monthly payment in the proposed plan is less than the amount of the adequate protection payment ordered in this case, the actual payment will be the amount of the monthly adequate protection payment.

The automatic stay is modified to allow holders of secured claims to send only monthly statements (but not demand letters) to the Debtor(s).

Case No:   10-39777-H4-13
Debtor(s):   **Victor Gayosso**

---

Each secured claimant is hereby designated to be in a class by itself.  Subject to disposition of a timely filed motion to avoid a lien under § 522, or a complaint to determine the validity of a lien filed under Fed. R. Bankr. P. 7001, each secured creditor shall retain the lien securing its claim.  The lien shall be enforceable to secure payment of the claim the lien secures, as that claim may be modified by the plan.  The holder of a claim secured by a valid lien may enforce its lien only pursuant to § 362.

| Name of Holder of Secured Claim / Security for Claim | Principal Amount of Claim | Interest Rate Under Plan | Amount of Estimated Periodic Payment | First Payment of this Amount in Month # | Last Payment of this Amount in Month # |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

**6. Debt Incurred within 910 Days Preceding Petition Date and Secured by a Lien on a Motor Vehicle or Debt Incurred within 1 Year Preceding Petition Date and Secured by Other Collateral for Which LESS THAN Full Payment, with Interest, is Provided.**
The following table sets forth each class of secured creditors holding a claim for a debt incurred within 910 days preceding the petition date and secured by a lien on a motor vehicle or for a debt incurred within 1 year preceding the petition date and secured by other collateral for which less than full payment is proposed.  The amount listed as "Principal Amount of Claim" is an estimate of the actual allowed claim.  The amount that will be paid under the plan is the amount, with interest, that pays the lesser of (i) the amount listed in the holder's proof of claim; or (ii) the amount listed as "Amount of Claim to be Paid Under Plan" (with the "Amount of Claim to be Paid Under Plan" NOT adjusted to reflect the actual Allowed Amount of the Claim).

The automatic stay is modified to allow holders of secured claims to send only monthly statements (but not demand letters) to the Debtor(s).

Each secured claimant is hereby designated to be in a class by itself.  Subject to disposition of a timely filed motion to avoid a lien under § 522, or a complaint to determine the validity of a lien filed under Fed. R. Bankr. P. 7001, each secured creditor shall retain the lien securing its claim.  The lien shall be enforceable to secure payment of the claim the lien secures, as that claim may be modified by the plan.  The holder of a claim secured by a valid lien may enforce its lien only pursuant to § 362.

| Name of Holder of Secured Claim / Security for Claim | Principal Amount of Claim | Amount of Claim to be Paid under Plan | Interest Rate Under Plan | Amount of Estimated Periodic Payment | First Pmt. of this Amt. in Month # | Last Pmt. of this Amt. in Month # |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |

**7. Secured Debts Paid in Accordance with Pre-Petition Contract (Use Only for Contracts on Which There is No Default).**
The Debtor represents that there are no payment defaults on the contracts listed in this paragraph.  The secured claims held by the following secured creditors will be paid in accordance with the pre-petition contracts between the debtor(s) and the holder of the secured claim:

| Name of Holder / Collateral for Claim | Total Claim | Collateral Value | Contract Interest Rate |
|---|---|---|---|
|  |  |  |  |

**8. All Other Secured Claims (Property to be Retained).**  Each secured claimant is hereby designated to be in a class by itself.  Subject to disposition of a timely filed motion to avoid lien under § 522, or a complaint to determine the validity of a lien filed under Fed. R. Bankr. P. 7001, each secured creditor shall retain the lien securing its claim.  The lien shall be enforceable to secure payment of the claim the lien secures, as that claim may be modified by the plan.  The holder of a claim secured by a valid lien may enforce its lien only pursuant to § 362.

The following table sets forth the treatment of each class of secured creditors whose claims are modified by the Plan.  The amount of secured claim to be paid under this plan is the lesser of the amount listed below as the "Collateral Value" and the allowed amount of the holder's claim.  If the Court allows a different amount than is shown below, the Plan shall be deemed amended without the requirement of the filing of an amended plan.  The amount listed as "Estimated Amount Periodic Payment" will be adjusted to reflect the actual amount of the allowed claim.

Case No:   10-39777-H4-13
Debtor(s):   **Victor Gayosso**

_____

| Name of Holder of Secured Claim / Security for Claim | Principal Amount of Claim (without regard to Value of Collateral) | Collateral Value | Int. Rate per Plan | Est. Amount Periodic Pmt. | First Pmt. of this Amt. in Month # | Last Pmt. of this Amt. in Month # |
|---|---|---|---|---|---|---|
| | | | | | | |

Payment of the amounts required in this section constitutes a cure of all defaults (existing as of the date this plan is confirmed) of the debtor(s)' obligations to the holder of the secured claim. If the monthly payment in the proposed plan is less than the amount of the adequate protection payment ordered in this case, the actual payment will be the amount of the monthly adequate protection payment.

The automatic stay is modified to allow holders of secured claims to send only monthly statements (but not demand letters) to the Debtor(s).

**9. Specially Classified Unsecured Claims.** The following unsecured claims will be treated as described below:

| Name of Unsecured Creditor | Treatment |
|---|---|
| | |

**10. Unsecured Claims.** Unsecured creditors not entitled to priority shall comprise a single class of creditors, and those whose claims are allowed, shall be paid a pro rata share of the amount remaining after payment of all secured, priority, and specially classified unsecured claims. The debtor estimates that unsecured creditors will receive a ___**6%**_____ dividend.

**11. Executory Contracts.** Except as set forth elsewhere in this Plan or in the following sentence, all executory contracts are rejected. The following contracts are assumed:

**AT&T**

**12. Asset Sales.**   The Debtor(s) are authorized--without the need for further Court order--to sell their exempt property in accordance with the following sentence. Any such sale shall provide for the full payment, at closing, of all liens on the property that is sold. If the Debtor(s) request and the Court so determines, an order confirming this authority may be granted by the Court, ex parte.

**13. Surrender of Collateral.** The Debtor may surrender collateral to a secured creditor by filing a motion pursuant to Fed. R. Bankr. P. 4001 for an agreed order providing for surrender of collateral and termination of the automatic stay. The motion will be submitted on 15 days notice.

**14. Discharge and Vesting of Property.** The debtor(s) will be granted a discharge in accordance with § 1328. Property of the estate shall vest in the debtors upon entry of the discharge order.

**15. Plan Not Altered from Official Form.**   By filing this plan, debtor(s) and their counsel represent that the plan is in the official form authorized by the Court. There are no addenda or other changes made to the official form.

Case No:    10-39777-H4-13
Debtor(s):   **Victor Gayosso**

---

**Debtor's Declaration Pursuant to 28 U.S.C. § 1746**

I declare under penalty of perjury that the foregoing statements of value contained in this document are true and correct.


Dated:    __11/17/2010_____

**/s/ Victor Gayosso**_____
**Victor Gayosso**

_____


**/s/ Michael G. Busby, Jr.**_____
**Michael G. Busby, Jr.**
**Busby & Associates P.C.**
**Attorneys at Law**
**2909 Hillcroft, Suite 350**
**Houston, Texas 77057**
**Attorney for Debtor(s)**

Case No: 10-39777-H4-13
Debtor(s): **Victor Gayosso**

**FIRST AMENDED 11/17/2010**

## Plan Summary and Statistical Cover Sheet to Proposed Plan

Date: _____**11/17/2010**_____
(Date Should be Date that this Proposed Plan is Signed by Debtor)

### Disposable Income and Plan Payments

| Projected Schedule "I" Income (as shown on most recently filed Schedule I) | Projected Schedule "J" Expenses (as shown on most recently filed Schedule J) | Projected Disposable Income | Beginning Month #* | Ending Month # | Payment Amount | Total Payment |
|---|---|---|---|---|---|---|
| $2,731.69 | $1,811.33 | $920.36 | 1 (Dec 10) | 60 (Nov 15) | $920.00 | $55,200.00 |
| | | | | | Grand Total | $55,200.00 |
| | | | | | Less Posted Chapter 13 Trustee Fee** | $3,284.40 |
| | | | | | Net Available | $51,915.60 |

### Projected Trustee Disbursements to Priority and Secured Creditors

| Name of Holder / Description of Collateral (or "None" if appropriate) | Type of Claim (List Priority Claims, Followed by Claims Secured by Principal Residence, Followed by Other Secured Claims) | Int. Rate | Beg. Month # | End Month # | Payment Amount | Total Payment |
|---|---|---|---|---|---|---|
| **Busby & Associates P.C.** None | Priority | 0.00% | 1 | 17 | Pro-Rata | $2,658.00 |
| **Busby & Associates P.C.** None | Priority | 0.00% | 50 | 51 | Pro-Rata | $100.00 |
| **BAC Home Loans Servicing LP** Homestead | Principal Res. | 0.00% | 1 | 60 | $529.63 | $31,777.80 |
| **BAC Home Loans Servicing LP** Homestead | Principal Res. (Arrearage) | 0.00% | 17 | 50 | Pro-Rata | $4,000.00 |
| **Select Portfolio Servicing, Inc.** Homestead | Principal Res. | 0.00% | 1 | 60 | $172.03 | $10,321.80 |
| **Select Portfolio Servicing, Inc.** Homestead | Principal Res. (Arrearage) | 0.00% | 17 | 50 | Pro-Rata | $1,500.00 |
| | | | | | Grand Total | $50,357.60 |

\* If filed in connection with a modification, the first month listed must be the first month in which the debtor was required to make
a payment after filing the bankruptcy petition.  All previous payments and proposed payments must be included.

\*\* The Posted Chapter 13 Trustee Fee is based on the percentage listed on the Court's website.

Case No:   10-39777-H4-13
Debtor(s):   **Victor Gayosso**

| SUMMARY OF PAYMENTS | |
|---|---:|
| Net Available to Creditors | $51,915.60 |
| Less Estimated Attorneys' fees | $2,758.00 |
| Less Total to Priority Creditors | $0.00 |
| Less Total to Secured Creditors | $47,599.60 |
| Net Available for Unsecured Creditors | $1,558.00 |
| Estimated General Unsecured Claims | $27,973.96 |
| Forecast % Dividend on General Unsecured Claims | 6% |

| BEST INTEREST TEST | |
|---|---:|
| Value of total non-exempt property | $0.00 |
| Total distributions to all priority and general unsecured creditors | $4,316.00 |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

IN RE:  Victor Gayosso          CASE NO.  10-39777-H4-13

                                CHAPTER  13

## Certificate of Service

On November 17 2010, I hereby certify that a true and correct copy of the First Amended Plan, Plan Summary and Statistical Coversheet, was either electronically served via Noticing or mailed via First Class Mail, postage prepaid, to the affected parties listed below.

Date:  11/17/2010                    /s/ Michael G. Busby, Jr.
                                     Michael G. Busby, Jr.
                                     Attorney for the Debtor(s)

| | | |
|---|---|---|
| Attorney General of the US<br>US Department of Justice<br>10th and Constitution<br>NW Room 5111<br>Washington, DC 20530 | Cach Llc<br>Attention:  Bankruptcy Department<br>4340 South Monaco St.  2nd Floor<br>Denver, CO 80237 | Cy-fair Federal Credit<br>9601 Jones Rd Ste 100<br>Houston, TX 77065 |
| BAC Home Loans Servicing LP<br>P.O.Box 660402<br>Dallas, TX 75266-0402 | Capital One, N.a.<br>C/O American Infosource<br>PO Box 54529<br>Oklahoma City, OK 73154 | David G. Peake<br>Chapter 13 Trustee<br>9660 Hillcroft, Suite 430<br>Houston, Texas  77096 |
| BAC Home Loans Servicing LP<br>P.O.Box 660402<br>Dallas, TX 75266-0402 | Chase<br>Po Box 15298<br>Wilmington, DE 19850 | Diversified Credit Sys<br>Po Box 3424<br>Longview, TX 75606 |
| Busby & Associates P.C.<br>Attorneys at Law<br>2909 Hillcroft, Suite 350<br>Houston, Texas 77057 | ChexSystems<br>Attention:  Consumer Relations<br>7805 Hudson Road, #100<br>Saint Paul, MN 55125 | Gemb/chevron<br>Attention: Bankruptcy<br>PO Box 103104<br>Roswell, GA 30076 |
| Busby & Associates P.C.<br>Attorneys at Law<br>2909 Hillcroft, Suite 350<br>Houston, Texas 77057 | Citibank Usa<br>Attn.: Centralized  Bankruptcy<br>PO Box 20363<br>Kansas City, MO 64195 | Hsbc Best Buy<br>Attn: Bankruptcy<br>PO Box 5263<br>Carol Stream, IL 60197 |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

IN RE:  Victor Gayosso                                    CASE NO.  10-39777-H4-13

                                                          CHAPTER  13

## Certificate of Service

(Continuation Sheet #1)

---

Internal Revenue Service
Special Procedures Branch
Insolvency Section
1919 Smith Mail Stop 5024
Houston, TX 77002

NCO Financial Systems Inc
507 Prudential Road
Horsham, PA 19044

Victor Gayosso
7254 Barton Oaks Dr
Houston, TX 77095

Internal Revenue Service
P.O.Box 21126
Philadelphia, PA 19114

Select Portfolio Servicing, Inc.
MC 240
P.O. Box 65450
Salt Lake City, UT 84165

Wells Fargo Bank
Po Box 5445
Portland, OR 97228

Internal Revenue Service
P.O.Box 21125
Philadelphia, PA 19114

Select Portfolio Servicing, Inc.
MC 240
P.O. Box 65450
Salt Lake City, UT 84165

Kohls
Attn: Recovery Dept
PO Box 3120
Milwaukee, WI 53201

Target
PO Box 59317
Minneapolis, MN 55459

Lowes / MBGA
Attention:  Bankruptcy Department
PO Box 103104
Roswell, GA 30076

Telecheck
5251 Westheimer Road, Ste B100
Houston, TX 77056

Metabnk/fhut

Tnb-visa
PO Box 560284
Dallas, TX 75356

Midland Credit Management
PO Box 939019
San Diego, CA 92193

U.S. Trustee
515 Rusk
Houston, Texas 77002